IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TYRONE ROBERT CAMPBELL, a.k.a. Mr. Muhammad, Muhammad Shahid, and Tyrone Moore | * | |
| Petitioner, | * | |
| v. | * | CIVIL ACTION NO. WMN-13-471 |
| | | CRIMINAL NO. WMN-10-218 |
| UNITED STATES OF AMERICA | * | |
| Respondent. | | |
| | *** | |

## **MEMORANDUM**

Petitioner was convicted on one count of conspiracy to aid and assist the preparation of false tax returns, three counts of aiding and assisting the preparation of false tax returns, and one count of aggravated identity theft in violation of 18 U.S.C. § 371, 26 U.S.C. § 7206(2) and 18 U.S.C. § 1028(A) & (c)(5). On June 29, 2011, he was sentenced to a cumulative 60-month term of confinement in the U.S. Bureau of Prisons with 3 years supervised release, and ordered to pay a $500.00 special assessment and $1,250,000.00 in restitution. Judgment was entered that same date. *See United States v. Campbell,* Criminal No. WMN-10-218 (D. Md.) at ECF No. 62. On August 19, 2011, judgment was amended to correct a clerical mistake. ECF No. 68. Petitioner did not file a notice of appeal.

On February 13, 2013, Petitioner filed a Motion to Set Aside, Vacate or Correct a Sentence pursuant to 28 U.S.C. § 2255, dated February 9, 2013. ECF No. 80. Petitioner claims that counsel was ineffective for: (1) failing to appeal pursuant to Petitioner's request; (2) giving Petitioner the wrong advice with regard to his guilty plea; and (3) failing to object to the enhancement of his sentence.

As previously noted by the Court, 28 U.S.C. § 2255 provides a one-year statute of

limitations for the filing of a motion to vacate.[1] Upon examination of the Motion, on February 26, 2013, the court issued an Order which advised Petitioner that the timeliness of the Motion under § 2255(1) was in question and afforded him the opportunity to file a memorandum explaining why the Motion may be timely or why equitable tolling may apply, as required pursuant to *Hill v. Braxton*, 277 F.3d 701, 706-07 (4th Cir. 2002). ECF No. 82.

On March 28, 2013, Petitioner filed a "Memorandum Explaining Why his Motion Should Be Considered Timely." ECF No. 83. He states that he was unaware that counsel did not file an appeal as he had requested. Petitioner contends that he is unfamiliar with the appeal process and it was not until July 2012, that he realized that "an appeal does not take that long" and that he should commence the 2255 process due to the applicable statute of limitations period. He seemingly raises a statutory and equitable tolling argument alleging that the one-year statute of limitation period only commenced when he discovered that his attorney did not file an appeal. Petitioner affirms that he requested a copy of the docket report and although it was sent to his

---

[1] This section provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

institution, prison officials would not give it to him or allow him to read it. ECF No. 83. He claims that he has been diligently pursuing his claims beginning in July, 2012. Although given the opportunity to do so, Respondent has not filed a reply to Petitioner's memorandum.

The one-year statute of limitations on § 2255 motions is subject to equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Equitable tolling applies only in "those rare instances where – due to circumstances external to the party's own conduct "it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 330; *see also Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010). To equitably toll the limitations period, a prisoner must have pursued his rights diligently and an "extraordinary circumstance" prevented timely filing. *Id*. at 2562. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (one-year statute of limitations on petitions for federal habeas relief is subject to equitable tolling if petitioner shows that he has been pursuing his rights diligently and some extraordinary circumstance stood in his way and prevented timely filing of petition).

Petitioner bears the burden of establishing the basis for equitable tolling by showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from timely filing. *Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008); *see also Ramos–Martínez v. United States,* 638 F.3d 315, 322–23, 325 (1st Cir. 2011) (citation and internal quotation marks omitted); *see also Riva v. Ficco,* 615 F.3d 35, 39 (1st Cir. 2010) (holding that equitable tolling remains "the exception rather than the rule," and that a "habeas petitioner bears the burden of establishing the basis for equitable tolling").

In light of this precedent, the Court will presume that Petitioner has shown "extraordinary circumstances" for purposes of equitable tolling and that Petitioner did request that his attorney file an appeal, if not in person after the sentencing hearing. Petitioner alleges that he did not

3

learn that his trial attorney never filed such an appeal until July, 2012, and consequently asserts that the limitations period should be tolled until that date.

That is not, however, the end of the inquiry. In order to be entitled to equitable tolling for that period, Petitioner must also show that he had been pursuing his rights diligently throughout that period of nearly thirteen months.

The Supreme Court has held that the diligence required for equitable tolling purposes is "'reasonable diligence.'" *See, e.g., Lonchar v. Thomas,* 517 U.S. 314, 326 (1996). In *Holland*, the Supreme Court made clear that this is distinct from "maximum feasible diligence." 130 S.Ct. at 2565. The reasonableness of Petitioner's actions depends on the totality of the circumstances. *See Ramos–Martínez,* 638 F.3d at 324.

In *Holland,* the petitioner wrote his attorney numerous letters seeking information and giving directions, and repeatedly contacted the courts, clerks, and the bar association to have the attorney removed from his case. *Holland,* 130 S.Ct. at 2565. The petitioner in that case also immediately filed a *pro se* habeas petition on the same day that he learned the limitations period had expired due to his attorney's misconduct. By contrast, Petitioner here exercised no such diligence during the period of more than thirteen months during which he contends that he relied on his attorney's misrepresentation that an appeal had been timely filed.

Petitioner does not allege that he attempted to contact counsel with regard to his appeal; he merely states that he waited for counsel to contact him as to the appeal. The plea agreement itself plainly states that Petitioner is waiving his appeal rights. ECF No. 53 at pg. 7. There is no evidence of any misrepresentation by attorney Kent as to the pendency of an appeal. Finally, and perhaps most telling, Petitioner did not immediately make any attempt, by motion, § 2255 petition, or otherwise, to file a direct appeal when he allegedly learned in July 2012 that no

appeal had been filed. Instead, Petitioner waited until February, 2013 – more than seven months later – before attempting to address the situation.

The Court finds that Petitioner's apparent lack of initiative falls short of reasonable diligence in pursuing his right to a direct appeal. There is nothing in the record to suggest that Petitioner thought an appeal was pending or undertook any efforts to inquire as to the status of his appeal. Under the circumstances, Petitioner has not demonstrated reasonable diligence, and therefore is not entitled to equitable tolling of the limitations period. For these reasons, the Motion shall be denied and dismissed as untimely.

An inmate who filed a Motion to Vacate has no absolute entitlement to appeal a district court's denial of his Motion. *See* 28 U.S.C. § 2253(c) (1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at §2253(c) (2). The Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).

When a district court dismisses a motion to vacate solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Petitioner has not made the required showing and the

Court declines to issue a Certificate of Appealability. His Motion to Vacate will be dismissed with prejudice. A separate Order shall be entered reflecting the opinion set out herein.

                                              /s/
                            William M. Nickerson
                            Senior United States District Judge

June 11, 2013